MARY A. SHROAF, PLAINTIFF IN ERROR, v. JOHN M. ALLEN, DEFENDANT IN ERROR.

1.  Replevin: EVIDENCE. In an action of replevin for a hog, the proof showed that the hog was taken *damage feasant* by the defendant in her corn field, and shut up; that plaintiff's son saw defendant's son taking said hog to the pen, and went immediately home and informed the plaintiff; that the plaintiff went the next day and demanded said hog but denied that it had committed any damage; that about a month afterwards the parties agreed to arbitrate, but for some reason did not. The action was commenced about sixteen months after the taking up of the hog. The defendant was sworn as a witness in her own behalf, and among other things testified as follows: "We agreed to settle by arbitration. I picked my arbitrator and he picked his arbitrator, then we set a day to settle it and my arbitrator come." The plaintiff objected to the testimony and his objection was sustained by the court. *Held*, error.

2.  ———: INSTRUCTIONS TO JURY. The court instructed the jury that: "Although the sow in controversy could be held for any damage done while trespassing upon the cultivated land of the defendant, yet, in order to enforce this lien against the sow it was necessary for defendant, after taking up the trespassing animal, to do certain things which the law requires, or else the lien would be lost. 1st, if the defendant knew whose sow it was she had taken up, and that it was plaintiff's, she should have notified him of the fact and of the amount of damages she claimed. And in the event that he had refused to pay the damage claimed and refused to arbitrate the claim, then she should have filed her

claim before a justice of the peace and had the hog sold to pay the amount. All of this should have been done within a reasonable time, and if you find from the evidence that the defendant kept the sow in controversy for upwards of sixteen months, without having in any manner complied with the law in regard to having the property sold to satisfy the damage, you will find for the plaintiff," etc. In view of the testimony given and the rejection by the court of the testimony of the defendant as to the failure on the part of the plaintiff to arbitrate, *held*, that the giving of the instruction was error.

ERROR to the district court for Johnson county. Tried below, before WEAVER, J., and a jury. The action was in replevin by Allen against Shroaf, to recover possession of a sow. The answer interposed was a general denial, under which Shroaf as a defense claimed to have a lien on the animal under the herd law. Verdict and judgment for Allen.

*B. F. Perkins*, for plaintiff in error.

*Davidson & Easterday*, and *V. D. Metcalfe*, for defendant in error.

COBB, J.

The plaintiff in error was lawfully in possession of the hog, it having been taken *damage feasant*, trespassing on the cultivated lands of the plaintiff. The defendant in error knew of such taking up as soon as the plaintiff did; his son having seen the family of the plaintiff in error leading the hog to the pen. The defendant called on the plaintiff in error and had an interview the next day. She claimed to hold the hog for the damages done by it and the other hogs of defendant in error, which damages she claimed amounted to more than the value of the hog, while he denied that either the hog in question or his other hogs had committed any damage to plaintiff's corn field; but claimed that all such damage had been committed by the hogs of another person.

It was clearly established on the trial that the hog

committed some damage to the corn of plaintiff in error, for which the statute gave her a lien upon, and a right to the possession of the hog, for the purpose of enforcing such lien. There were several different methods open to her for the enforcement of her lien. The one most favored by the law was arbitration.

Upon the trial the plaintiff in error was sworn as a witness in her own behalf, and among other things testified that she and defendant in error agreed to settle the matter by arbitration; that she picked her arbitrator and he picked his arbitrator; that they set a day to settle it, and that her arbitrator came. Witness proceeding with her statement, the defendant in error objected thereto, and his objection was sustained by the court. In this the court erred.

The court afterwards gave the following instruction to the jury: "Although the sow in controversy could be held for any damage done while trespassing upon the cultivated land of the defendant; yet, in order to enforce this lien against the sow it was necessary for the defendant, after taking up the trespassing animal, to do certain things which the law requires, or else the lien would be lost. 1st, If the defendant knew whose sow she had taken up, and that it was plaintiff's, she should have notified him of the fact and of the amount of damages she claimed, and in the event that he had refused to pay the damage claimed and refused to arbitrate, then she should have filed her claim before a justice of the peace and had the hog sold to pay the amount. All this should have been within a reasonable time, and if you find from the evidence that the defendant kept the sow in controversy for upwards of sixteen months without having in any manner complied with the law in regard to having the property sold to satisfy the damages, you will find for the plaintiff," etc.

This instruction is erroneous in not being applicable

in at least two material respects to the facts of the case, and in being inconsistent with the ruling of the court, excluding the testimony of the plaintiff in error in reference to the agreement between herself and defendant in error to arbitrate, and the facts in relation to such agreement not being carried out.

The testimony is clear and comes from both sides that the plaintiff below had actual notice of the taking up of the hog the same day, and called upon the defendant below the day following, and demanded possession of it the day following. It is also clear and uncontradicted that a month later he agreed to arbitrate. The court refused to allow the defendant below to show why and whose fault it was, that this agreement was not carried out, and then makes the failure of the plaintiff in error to notify the defendant in error of the taking up of the hog within a reasonable time, a prominent point in his instructions to the jury. Clearly, under the circumstances as proved, it was not necessary for her to give him notice at all. If it was, such notice was waived by his agreement to arbitrate. And again, that which would have been an unreasonable time for the plaintiff in error to have retained possession of the hog, without giving notice to a known owner, who had no actual notice of the taking up, might be quite a reasonable time where the owner had actual and immediate notice, had agreed to arbitrate, and for some unknown reason had postponed or abandoned such agreement.

That the plaintiff in error retained possession of this property for an unusual length of time cannot be denied, but upon the testimony given, and in view of that offered, and as we think erroneously ruled out, it was not so unreasonable as to enable the defendant in error to maintain replevin without a tender of payment for the damages for the trespass of the animal and some compensation for its keeping.

The judgment of the district court is therefore reversed, and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.